IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ARBOR CONSTRUCTION COMPANY, LLC** <br><br> Defendant. | **No. 10-CV-51 HEA** |

## DEFAULT JUDGMENT

Upon the motion of the Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs herein on January 12, 2010, filed their Complaint against the defendant herein; and

2. The defendant was served through its Registered Agent, Dwayne Johnson, by Special Process Server with a copy of the Summons and Complaint on January 22, 2010, at 220 Salt Lick Road, St. Peters, MO 63376, and therefore the Court has jurisdiction over said defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on May 20, 2010, the following pleadings

and caused the same to be mailed by certified mail to: Dwayne Johnson, Registered Agent, 220 Salt Lick Road, St. Peters, MO 63376:

    a.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure);

    b.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    c.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Arbor Construction Company, LLC, and in favor of plaintiffs, Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

### COUNT I

1. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant for the period **January 1, 2007 through March 31, 2009** the amount of FIFTEEN THOUSAND, FIVE HUNDRED EIGHTY-FOUR AND 53/100 ($15,584.53) DOLLARS in unpaid fringe benefit contributions, THREE THOUSAND, ONE HUNDRED SIXTEEN AND 91/100 ($3,116.91) DOLLARS as and for liquidated damages and FIVE HUNDRED FORTY-SEVEN AND 93/100 ($547.93) DOLLARS interest on the unpaid contributions; ONE THOUSAND, SIXTY-FOUR AND 53/100 ($1,064.53) DOLLARS representing reasonable attorneys' fees; ONE THOUSAND, FIVE HUNDRED NINETY-TWO AND 63/100 ($1,592.63) DOLLARS representing audit costs, for a total of TWENTY-ONE THOUSAND, NINE HUNDRED SIX AND 53/100 ($21,906.53) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on

account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 1, 2009,** to date.

3. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 1, 2009,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

### COUNT II

1. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant for the period **January 1, 2007 through March 31, 2009** the amount of **TWENTY THOUSAND, TWO HUNDRED FIFTY AND 83/100 ($20,250.83) DOLLARS** in unpaid fringe benefit contributions, **FOUR THOUSAND, FIFTY AND 17/100 ($4,050.17) DOLLARS** as and for liquidated

damages and SEVEN HUNDRED EIGHTEEN AND 49/100 ($718.49) DOLLARS interest on the unpaid contributions; ONE THOUSAND, SIXTY-FOUR AND 52/100 ($1,064.52) DOLLARS representing reasonable attorneys' fees; ONE THOUSAND, FIVE HUNDRED NINETY-TWO AND 63/100 ($1,592.63) DOLLARS representing audit costs, for a total of TWENTY-SEVEN THOUSAND, SIX HUNDRED SEVENTY-SIX AND 64.100 ($27,676.64) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 1, 2009,** to date.

3. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 1, 2009,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6.     That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

                                                                                        _____
                                                                                        UNITED STATES DISTRICT JUDGE

DATED: 5.24.10